UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NATALIE BOWERSOCK,            )
                              )
          Plaintiff,          )
                              )
     v.                       )    Case No. 2:25-CV-435-PPS-AZ
                              )
EAST PORTER COUNTY SCHOOL     )
CORPORATION *et al.*,         )
                              )
          Defendants.         )

## OPINION & ORDER

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Second Amended Verified Complaint for Permanent Injunction and Declaratory Relief and Jury Demand [DE 23], filed by Defendants East Porter County School Corporation, the School Board of the East Porter County School Corporation, and Aaron Case on March 30, 2026. Plaintiff Natalie Bowersock filed a response, and Defendants filed a reply. DE 26, 27. For the reasons discussed in this Order, Defendants' Motion to Strike [DE 23] is **GRANTED**.

## Background

Plaintiff filed her original Complaint in state court on August 26, 2025, alleging Defendants violated Plaintiff's First, Fifth, and Fourteenth Amendment rights when they issued a criminal trespass warning against her, barring her from entering her children's school and speaking to certain school employees. DE 2. The Complaint did not include a jury demand. *Id.*

Defendants removed this case to federal court in September 2025. DE 1. On November 17, 2025, Plaintiff filed an Amended Verified Complaint (the "First Amended Complaint"), which is identical to the original Complaint except that it requests a permanent injunction instead of a temporary restraining order and preliminary injunction, and it adds requests for attorney's fees and punitive damages. DE 14. The First Amended Complaint also lacks a jury demand. *Id.*

On December 1, 2025, Defendants filed an Answer without a jury demand. DE 15. The parties then filed a Rule 26(f) report in January 2026 stating they anticipated a two-day bench trial, not a jury trial. DE 19 at 3.

On January 29, 2026, the Court held a Rule 16 Conference to set case management deadlines. DE 20. At that Conference, Plaintiff's counsel stated that he might file an amended complaint with additional allegations and a jury demand. The Court responded that any amended complaint would be subject to the Rule 15 standard and the Court would address it when it was filed. The Court ordered that "Plaintiff's deadline to seek permission to join additional parties or amend the pleadings is 3/16/2026." *Id.*

On March 16, 2026, Plaintiff filed a Second Amended Complaint without filing a motion seeking leave to amend. DE 22. The Second Amended Complaint is identical to the First Amended Complaint except that it includes a jury demand. *Id.* Defendants then timely filed the present motion to strike the Second Amended Complaint.

## Legal Standard

The present motion involves three legal standards: for amending a complaint, striking material from a pleading, and demanding a jury trial. First, a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts have "broad discretion to deny leave to amend . . . where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Second, Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have "considerable discretion" to strike such material. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they "potentially serve only to delay," but where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted).

And third, the Seventh Amendment to the U.S. Constitution and the Federal Rules of Civil Procedure protect the right to a jury trial. The Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. Rule 38 states, "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a).

A party must demand a jury trial to avoid waiving the right. *See* Fed. R. Civ. P. 38(b), (d); *United States v. Resnick*, 594 F.3d 562, 569 (7th Cir. 2010) (citations omitted); *Wilburn v. St. Joseph Cnty. Juv. Just. Ctr.*, 353 F. Supp. 3d 736, 742 (N.D. Ind. 2018). To demand a jury trial, a party should: "(1) serv[e] the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) fil[e] the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b).

If a party fails to "properly serve[] and file[]" a jury demand under Rule 38(b), it waives the jury right. Fed. R. Civ. P. 38(d). However, even after a waiver the court may still grant a motion for a jury trial pursuant to Rule 39, which states, "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). A court has discretion to grant a Rule 39 motion for jury trial if the motion shows "good reason for the belated demand." *Olympia Exp., Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007) (citations omitted). Rule 39(b) motions "should be entertained with an open mind, just as district judges entertain motions to amend the complaint after the power to do so as of right has expired." *Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998).

## Discussion

Defendants argue that the Court should strike the Second Amended Complaint because Plaintiff did not seek the Court's leave or Defendants' consent to amend the complaint, as Rule 15(a)(2) requires. Defendants also argue that the Second Amended

4

Complaint is redundant of the First Amended Complaint except for the jury demand, which is untimely and thus waived. Furthermore, even if the Court entertains a Rule 39 motion for a jury trial, Plaintiff has not shown good reason for the untimeliness and that motion should be denied. Finally, Defendants argue that in any event Plaintiff is not entitled to a jury trial under the Seventh Amendment because her claims are for equitable relief only. Thus, without a valid jury demand the Second Amended Complaint is identical to the First Amended Complaint and should be stricken.

Plaintiff responds that she did not have to seek leave to amend the Complaint because the case management deadlines already gave her permission to file an amended pleading by March 16, 2026, and she complied with that deadline. She also argues there is no prejudice to Defendants, and there is good reason under Rule 39 to grant a jury trial because her current attorney only recently took over the case and learned information causing him to request a jury trial. Finally, Plaintiff contends she is entitled to a jury trial because she seeks punitive damages, which are not equitable relief.

The Court grants Defendants' motion to strike. First, the Court finds that Plaintiff failed to timely serve a written jury demand pursuant to Rule 38, which requires service within 14 days of the last pleading directed to the issue. *See* Fed. R. Civ. P. 38(b). Plaintiff's 14-day clock started ticking when Defendants filed their Answer to the First Amended Complaint on December 1, 2025. When Plaintiff missed the December 15 deadline to serve a jury demand, she waived a jury trial under Rule

5

38. *See* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").

Filing the Second Amended Complaint solely to add a jury demand did not restart her clock. "[S]upplemental pleadings do not extend the jury demand time, except as to any new issues which are raised for the first time by the supplemental pleadings." *Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein*, 243 F.3d 1086, 1090 (7th Cir. 2001) (citing *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202 (7th Cir. 1985)). Plaintiff's Second Amended Complaint did not raise any new allegations, so it did not extend the December 15 deadline.

Despite waiving her jury right by missing the window to make a demand, under Rule 39 Plaintiff could still ask the Court to allow a jury trial. Although Plaintiff has not formally filed a Rule 39(b) motion, her response to the present motion to strike makes a Rule 39 argument and asks the Court to grant a jury trial. Thus the Court construes Plaintiff's argument as a motion made under Rule 39(b).

However, that does not help Plaintiff. In the Seventh Circuit, a party moving for a jury trial under Rule 39(b) must show "good reason for the belated demand." *Olympia Exp., Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007). Plaintiff mistakenly relies on a more favorable but outdated legal standard from *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983), which was rejected by *Members v. Paige*, 140 F.3d 699, 701–04 (7th Cir. 1998). *See also CSX Transp., Inc. v. Chicago S. Shore & S. Bend R.R.*, No. 2:13-CV-285-RL-PRC, 2014 WL 2803992, at *1 (N.D. Ind. June 19, 2014) (explaining rejection of *Merritt* standard). The current standard is

"good reason for the belated demand." *Olympia*, 509 F.3d at 352; *see also Members*, 140 F.3d at 703 ("Rule 38(d) means that the district judge may require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline in Rule 38(b).").

Plaintiff's stated reason for the belated jury demand is that her attorney was not lead counsel when he filed his appearance and did not fully take over the case until January 2026, when former counsel withdrew. DE 26 at 4. Her attorney "then came to the realization that [Plaintiff] raised issues that should be addressed by a jury." *Id.* at 5. Plaintiff states that counsel did not make the jury demand in the First Amended Complaint because he did not "yet possess[] further information about the case which has now caused counsel to request jury trial." *Id.*

Plaintiff's showing does not rise to good reason and is belied by the record. Although Plaintiff's current attorney did not file the original Complaint in state court, he did file an appearance back on October 1, 2025, which stated that his "appearance should also serve as a substitution of counsel" for the original attorney. DE 9. In other words, he represented that he was taking over the case well before January 2026. *See also* DE 17 ¶¶ 3–4 (stating the original attorney had left the firm in October 2025 and current counsel was representing Plaintiff).

Current counsel was also the one who filed the First Amended Complaint on November 17, 2025, which added requests for attorney fees and punitive damages but did not make a jury demand. DE 14. Current counsel was the one who signed the Rule 26(f) report on January 22, 2026, which stated that the case would be ready for

a two-day bench trial. DE 19 at 3. Current counsel was the one who told the Court at the January 29 Rule 16 Conference that he anticipated filing an amended complaint that added allegations and a jury demand—yet he did not file a jury demand until March 16.

Finally, Plaintiff does not explain what "further information about the case" counsel learned that prompted him to file the jury demand. The Second Amended Complaint is identical to the First and includes no new information. The docket indicates that current counsel has been the one prosecuting this case since October 2025, and without an explanation of what "further information" means, the Court does not find good reason for the belated demand. *See CSX Transp., Inc.*, 2014 WL 2803992, at *2 (denying jury request under Rule 39(b) where movant claimed new circumstances but offered no specifics). Plaintiff's Rule 39(b) motion is thus denied without prejudice. Plaintiff may file a renewed Rule 39(b) motion if she can show good reason for making the belated jury demand.

Because the Court finds that Plaintiff has not shown good reason for making the belated jury demand, it need not reach the parties' arguments about whether Plaintiff's request for punitive damages entitles her to a jury trial at all.

Regarding Defendants' argument that Plaintiff did not seek leave to file the Second Amended Complaint, the Court agrees that Plaintiff failed to seek permission as required. Plaintiff misconstrues the plain language of the Rule 16(b) order which set March 16 as "Plaintiff's deadline to *seek permission* to join additional parties or amend the pleadings." DE 20 at 1 (emphasis added). In other words, the Rule 16(b)

8

scheduling order gave Plaintiff the right to seek leave to file an amended complaint under the standards of Rule 15 without articulating the good cause standard required by Rule 16. But Plaintiff did not have a right to just file an amended complaint without such permission. The Court has latitude to excuse this requirement. But that is unnecessary here. Because the jury demand in the Second Amended Complaint is untimely and thus futile, and the rest of the pleading is identical to the First Amended Complaint, the Court strikes the Second Amended Complaint [DE 22] as immaterial and redundant. *See* Fed. R. Civ. P. 12(f).

### Conclusion

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Strike [DE 23]. The Court **STRIKES** the Second Amended Verified Complaint [DE 22] but it will remain part of the public record.

So ORDERED this 13th day of July, 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT